**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------X

ADELYN PANIAGUA CONTRERAS and
SADIEL CASTILLO, *Individually and on Behalf*
*of all Other Similarly Situated Persons*,

                           Plaintiffs,

            - against -

J. F. MEAT & GROCERY CORP. *d/b/a C-Town*
*Supermarket*, and LUIS FERREIRA, *Individually*,

                           Defendants.

------------------------------------------------------------------------X

**Case No. 18-CV-9851**

**COLLECTIVE  & CLASS**
**ACTION COMPLAINT**

     Plaintiffs, ADELYN PANIAGUA CONTRERAS and SADIEL CASTILLO, by and through their attorneys, Law Office of Yuriy Moshes, P.C., hereby complain of Defendants, upon information and belief, as follows:

## INTRODUCTION

1.    Plaintiffs, individually and on behalf of all other similarly situated current and former hourly employees of Defendants, bring this action against Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA") and the New York State Labor Law, Articles 6 & 19 ("NYLL") for failure to pay wages due and owed for hours worked in excess of forty (40) hours per workweek.

2.    Defendants required Plaintiffs and other similarly situated hourly employees to work more than forty (40) hours a week, but did not pay them overtime wages for all the hours they worked over forty (40) in a week.

3.    As a result of Defendants' violation of the NYLL and FLSA, Plaintiffs are entitled to (a) the full amount of underpayment, (b) attorneys' fees and costs, (c) prejudgment interest,

and (d) an additional amount as liquidated damages equal to one hundred percent of the total amount of the wages found to be due.

4.    Plaintiffs also complain pursuant to the Wage Theft Prevention Act, NYLL § 195, *et seq.,* and seek to redress the damages they have suffered as a result of Defendants' failure to give them written notice of wage rates and paystubs.

## JURISDICTION

5.    Jurisdiction of this action is conferred upon the Court by § 16(b) of the FLSA (29 U.S.C. §216 (b)).

6.    The Court also has jurisdiction pursuant to 28 U.S.C. §1331 and §1343.

7.    The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 as such claims are derived from a common nucleus of operative facts.

8.    Venue is proper in this District pursuant to 28 U.S.C. §1391(b), as Defendants reside within the Southern District of New York.

## PARTIES

9.    That at all times relevant hereto, Plaintiff ADELYN PANIAGUA CONTRERAS ("CONTRERAS") was and is a resident of the State of New York and the County of Bronx.

10.    That at all times relevant hereto, Plaintiff SADIEL CASTILLO ("CASTILLO") was and is a resident of the State of New York and the County of Bronx.

11.    Plaintiff CONTRERAS and Plaintiff CASTILLO, both individually and on behalf of all other similarly situated persons, are also collectively referred to as "Plaintiffs."

12.    The term "Plaintiffs" refers collectively to Plaintiff CONTRERAS, Plaintiff CASTILLO

and all persons who were employed by Defendants during the past six (6) years and were not paid overtime for hours worked in excess of forty (40) hours per week.

13. Upon information and belief, Plaintiffs were regularly engaged by Defendants to work more than forty (40) hours in a week without being paid the overtime premium pay for all the hours they worked in excess of forty (40) in a week, as required by the FLSA and NYLL.

14. Plaintiffs were engaged in commerce while working for Defendants.

15. That at all times relevant hereto, Defendant J. F. MEAT & GROCERY CORP. ("J. F. MEAT") was and is a domestic business corporation, duly existing pursuant to, and by virtue of, the laws of the State of New York, with its principal place of business located at 1016 St. Nicholas Avenue, New York, New York 10032.

16. That at all times relevant hereto, Defendant J. F. MEAT owns, operates, controls, and maintains a C-Town Supermarket, located at 1016 St. Nicholas Avenue, New York, New York 10032.

17. That at all times relevant hereto, Plaintiff CONTRERAS and Plaintiff CASTILLO were employees of Defendant J. F. MEAT and worked at Defendant J. F. MEAT's C-Town Supermarket.

18. That at all times relevant hereto, Defendant LUIS FERREIRA ("FERREIRA") was an employee of Defendant J. F. MEAT, holding the position of "President/Owner."

19. That at all times relevant hereto, Defendant FERREIRA was Plaintiff CASTILLO's and Plaintiff CONTRERAS's supervisor and had supervisory authority over Plaintiff CASTILLO and Plaintiff CONTRERAS.

20. That at all times relevant hereto, Defendant J. F. MEAT and Defendant FERREIRA are

collectively referred to herein as "Defendants."

21.    At all times relevant hereto, Defendants had the power to, and were responsible for, determining the wages to be paid to Plaintiffs.

22.    At all times relevant hereto, Defendants had the power to, and did in fact, establish the terms of Plaintiffs' employment, including Plaintiffs' schedule, duties, and rate of pay.

23.    The FLSA defines "employer" to include any person acting directly or indirectly in the interest of an employer in relation to an employee and an employee is anyone who is suffered or permitted to work.  As a result, including as further described below, both Defendants are liable as "employers" under the FLSA.

24.    Defendants are also jointly and severally liable as joint employers under 29 C.F.R. § 791.2 for the violations complained of herein.

25.    Upon information and belief, Defendants were engaged in interstate commerce within the meaning of the FLSA in that Defendants: (a) had and have employees engaged in commerce or in the production of goods for commerce, and handles, sells, or otherwise works on goods or materials that have been moved in or produced for commerce by any person; and (b) had and have an annual gross volume of sales of not less than $500,000.00.

26.    Further, during Plaintiff CASTILLO's and Plaintiff CONTRERAS's employment with Defendants, Plaintiffs routinely engaged in activities which facilitate or relate to interstate or foreign commerce.

## THE FLSA COLLECTIVE ACTION

27.    While class certification pursuant to FRCP Rule 23 is not required for an FLSA collective action, defining the class of eligible FLSA Plaintiffs is useful, as the Court will be asked

to order Defendants to produce the names and addresses and other information of potential opt-in Plaintiffs.

28. The class of eligible opt-in Plaintiffs consists of all persons who worked for Defendant J. F. MEAT as "hourly employees" at any time from three (3) years prior to the filing of this case, to entry of judgment in this case (the "Class" and "Class Period," respectively).

29. Although the precise number of putative class members is unknown, and facts upon which the calculation of that number is based are presently within the sole control of Defendants, but upon information and belief, there are over one hundred members of the Class during the Class Period.

30. There are questions of law and fact common to this Class which predominate over any questions solely affecting individual members of the Class, including whether Defendants failed and/or refused to pay Plaintiffs at a premium overtime rate for all hours worked in excess of forty (40) per workweek within the meaning of the FLSA.

31. The claims of Plaintiff CONTRERAS and Plaintiff CASTILLO are typical of the claims of the Class. Plaintiff CONTRERAS and Plaintiff CASTILLO will fairly and adequately protect the interests of the Class.

32. A collective action is superior to other methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual Plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a large corporate defendant.

33. Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

34.     At all times relevant to this action, Plaintiff CONTRERAS, Plaintiff CASTILLO and other Plaintiffs were employed by Defendant J. F. MEAT within the meaning of the FLSA.

35.     At all times relevant to this action, Plaintiff CONTRERAS, Plaintiff CASTILLO and other Plaintiffs engaged in commerce and/or Defendant J. F. MEAT was an enterprise engaged in commerce including interstate commerce, within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

36.     At all times relevant to this action, Defendant J. F. MEAT transacted and transacts commerce and business in excess of $500,000.00 annually or has revenues in excess of $500,000.00 annually, for all applicable periods in question.

37.     At all times relevant to this action, Defendant J. F. MEAT willfully failed to pay Plaintiff CONTRERAS, Plaintiff CASTILLO and other Plaintiffs at the premium overtime rate for all hours worked in excess of forty (40) hours in a workweek, in violation of 29 U.S.C. § 207.

38.     At all times relevant to this action, due to Defendant J. F. MEAT's FLSA violations, Plaintiff CONTRERAS, Plaintiff CASTILLO and other Plaintiffs are entitled to recover from Defendant J. F. MEAT their unpaid wages, an additional equal amount as liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. §216(b).

## **THE RULE 23 CLASS**

39.     Plaintiff CONTRERAS and Plaintiff CASTILLO also bring this action on behalf of themselves and all other persons similarly situated pursuant to Rule 23(b)(1), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

40.     The class of eligible Plaintiffs consists of all persons who worked for Defendant J. F.

MEAT as "hourly employees" at any time from six (6) years prior to the filing of this case to entry of judgment in this case ("Rule 23 Class").

41.    As the members of the Rule 23 Class are numerous and of an unknown number, joinder of all members is impracticable.  Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are numerous members of the Rule 23 Class.

42.    The claims of Plaintiff CONTRERAS and Plaintiff CASTILLO are typical of the claims of the Rule 23 Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy — particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

43.    Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

44.    Plaintiff CONTRERAS and Plaintiff CASTILLO are committed to pursuing this action and have retained competent counsel experienced in employment law and class action litigation.

45.    Plaintiff CONTRERAS and Plaintiff CASTILLO have the same interests in this matter as all other members of the Rule 23 Class and Plaintiff CONTRERAS's and Plaintiff CASTILLO's claims are typical of the Rule 23 Class.

46.    There are common questions of law and fact affecting all members of the Rule 23 Class which predominate over any questions only affecting the individual members of the Rule

23 Class, including but not limited to:

    a.    Whether Defendants employed the members of the Rule 23 Class within the meaning of the NYLL;

    b.    What proof of hours worked is sufficient where employers fail in their duty to maintain time records;

    c.    Whether Defendants failed and/or refused to pay the members of the Rule 23 Class premium pay for hours worked in excess of forty (40) hours per workweek within the meaning of the NYLL;

    d.    Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interests, costs and disbursements and attorneys' fees; and

    e.    Whether Defendants should be enjoined from such violations of the NYLL in the future.

47.    This action is maintainable as a class action under Fed.R.Civ.P. 23(b)(2), since the unlawful actions of Defendants, as alleged herein, have been taken on grounds equally applicable to all members of the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

48.    Alternatively, this action is maintainable as a class action under Fed.R.Civ.P. 23(b)(1)(A), as the prosecution of separate actions by individual members of the Rule 23 Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Rule 23 Class, which would establish incompatible standards of conduct for Defendants who oppose the Rule 23 Class.

49.    Alternatively, this action is maintainable as a class action under Fed.R.Civ.P. 23(b)(3) as common questions of law and fact described above predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversies between the parties. The members of the Rule 23 Class have been damaged and are entitled to recovery as a

result of Defendants' common and uniform policies, practices, and procedure that violate the NYLL.

## MATERIAL FACTS

50.     In or around Summer 2015, Plaintiff CONTRERAS began working for Defendants as a "Cashier," earning approximately $9.00 per hour.

51.     On or about June 28, 2016, Plaintiff CASTILLO also began working for Defendants in their C-Town Supermarket, earning approximately $9.00 per hour.

52.     At all times relevant hereto, Plaintiff CONTRERAS and Plaintiff CASTILLO were exemplary employees, were never reprimanded, and always received compliments for their work performance.

53.     At all times relevant hereto, Plaintiffs were all employed by Defendants as "hourly employees."

54.     At all times relevant hereto, the work performed by Plaintiffs required no capital investment.

55.     At all times relevant hereto, Plaintiffs did not have any supervisory or managerial responsibilities.

56.     Throughout Plaintiff CONTRERAS's and Plaintiff CASTILLO's tenures, Defendants required Plaintiff CONTRERAS, Plaintiff CASTILLO and other Plaintiffs to regularly work in excess of forty (40) hours per workweek.

57.     However, Defendants willfully failed to pay Plaintiff CONTRERAS, Plaintiff CASTILLO and other Plaintiffs any overtime compensation (one and one-half times their regular hourly rate) for hours worked over forty (40) per week, in violation of the FLSA and the NYLL.

58.    As Plaintiff CONTRERAS and Plaintiff CASTILLO were non-exempt employees, they should have been paid time-and-a-half their regular hourly rate for each hour worked over forty (40) each week, but were instead **only paid straight time** for all hours worked over forty (40) each week.

59.    In fact, at the end of each week, rather than pay Plaintiff CONTRERAS and Plaintiff CASTILLO via paycheck with withholdings and deductions, Defendants instead always handed Plaintiff CONTRERAS and Plaintiff CASTILLO one envelope each with cash and a printout of all the hours Plaintiff CONTRERAS and Plaintiff CASTILLO worked that week.  Although Defendants always acknowledged that Plaintiff CONTRERAS and Plaintiff CASTILLO worked more than forty (40) hours each week, Defendants never paid Plaintiff CONTRERAS and Plaintiff CASTILLO any overtime compensation.

60.    By way of example, during one (1) week in or around 2015, Plaintiff CONTRERAS worked approximately forty-three (43) hours for Defendants.  However, rather than paying Plaintiff CONTRERAS for forty (40) hours at her regular hourly rate ($9.00) and three (3) hours at her overtime hourly rate ($13.50) for a total of $400.50, Defendants only paid Plaintiff CONTRERAS a total of $387.00.  Accordingly, Defendants underpaid Plaintiff CONTRERAS **$13.50** ($400.50 – $387) for all hours worked during that week.

61.    During another week in or around 2015, Plaintiff CONTRERAS worked approximately forty-two (42) hours for Defendants.  However, rather than paying Plaintiff CONTRERAS for forty (40) hours at her regular hourly rate ($9.00) and two (2) hours at her overtime hourly rate ($13.50) for a total of $387.00, Defendants only paid Plaintiff CONTRERAS a total of $378.00.  Accordingly, Defendants underpaid Plaintiff CONTRERAS **$9.00** ($387 – $378) for all hours worked during that week.

62.    On or about January 1, 2017, Defendants raised Plaintiff CASTILLO's and Plaintiff CONTRERAS's rate of pay to approximately $11.00 per hour.

63.    From on or about April 22, 2017 through on or about April 28, 2017, Plaintiff CASTILLO worked approximately fifty-nine (59) hours for Defendants.  However, rather than paying Plaintiff CASTILLO for forty (40) hours at his regular hourly rate ($11.00) and nineteen (19) hours at his overtime hourly rate ($16.50) for a total of $753.50, Defendants only paid Plaintiff CASTILLO a total of $649.00.  Accordingly, Defendants underpaid Plaintiff CASTILLO **$104.50** ($753.50 – $649) for all hours worked during that week.

64.    From on or about April 29, 2017 through on or about May 5, 2017, Plaintiff CASTILLO worked approximately fifty-eight (58) hours for Defendants.  However, rather than paying Plaintiff CASTILLO for forty (40) hours at his regular hourly rate ($11.00) and eighteen (18) hours at his overtime hourly rate ($16.50) for a total of $737.00, Defendants only paid Plaintiff CASTILLO a total of $638.00.  Accordingly, Defendants underpaid Plaintiff CASTILLO **$99.00** ($737 – $638) for all hours worked during that week.

65.    From on or about May 6, 2017 through on or about May 12, 2017, Plaintiff CASTILLO worked approximately sixty-six and one-half (66.5) hours for Defendants.  However, rather than paying Plaintiff CASTILLO for forty (40) hours at his regular hourly rate ($11.00) and twenty-six and one-half (26.5) hours at his overtime hourly rate ($16.50) for a total of $877.25, Defendants only paid Plaintiff CASTILLO a total of $731.50.  Accordingly, Defendants underpaid Plaintiff CASTILLO **$145.75** ($877.25 – $731.50) for all hours worked during that week.

66.    From on or about May 13, 2017 through on or about May 19, 2017, Plaintiff CASTILLO

worked approximately fifty-nine and one-half (59.5) hours for Defendants. However, rather than paying Plaintiff CASTILLO for forty (40) hours at his regular hourly rate ($11.00) and nineteen and one-half (19.5) hours at his overtime hourly rate ($16.50) for a total of $761.75, Defendants only paid Plaintiff CASTILLO a total of $654.50. Accordingly, Defendants underpaid Plaintiff CASTILLO **$107.25** ($761.75 – $654.50) for all hours worked during that week.

67.    From on or about May 27, 2017 through on or about June 2, 2017, Plaintiff CASTILLO worked approximately sixty (60) hours for Defendants. However, rather than paying Plaintiff CASTILLO for forty (40) hours at his regular hourly rate ($11.00) and twenty (20) hours at his overtime hourly rate ($16.50) for a total of $770.00, Defendants only paid Plaintiff CASTILLO a total of $660.00. Accordingly, Defendants underpaid Plaintiff CASTILLO **$110.00** ($770 – $660) for all hours worked during that week.

68.    During another week in or around 2017, Plaintiff CASTILLO worked approximately fifty-one and one-half (51.5) hours for Defendants. However, rather than paying Plaintiff CASTILLO for forty (40) hours at his regular hourly rate ($11.00) and eleven and one-half (11.5) hours at his overtime hourly rate ($16.50) for a total of $629.75, Defendants only paid Plaintiff CASTILLO a total of $566.50. Accordingly, Defendants underpaid Plaintiff CASTILLO **$63.25** ($629.75 – $566.50) for all hours worked during that week.

69.    During another week in or around 2017, Plaintiff CASTILLO worked approximately sixty and one-half (60.5) hours for Defendants. However, rather than paying Plaintiff CASTILLO for forty (40) hours at his regular hourly rate ($11.00) and twenty and one-half (20.5) hours at his overtime hourly rate ($16.50) for a total of $778.25, Defendants only paid Plaintiff CASTILLO a total of $665.50. Accordingly, Defendants underpaid

Plaintiff CASTILLO **112.75** ($778.25 – $665.50) for all hours worked during that week.

70.    During one (1) week in or around 2017, Plaintiff CONTRERAS worked approximately fifty-five and one half (55.5) hours for Defendants.  However, rather than paying Plaintiff CONTRERAS for forty (40) hours at her regular hourly rate ($11.00) and fifteen and one half (15.5) hours at her overtime hourly rate ($16.50) for a total of $695.75, Defendants only paid Plaintiff CONTRERAS a total of $610.50.  Accordingly, Defendants underpaid Plaintiff CONTRERAS **85.25** ($695.75 – $610.50) for all hours worked during that week.

71.    During another week in or around 2017, Plaintiff CONTRERAS worked approximately forty-five and one half (45.5) hours for Defendants.  However, rather than paying Plaintiff CONTRERAS for forty (40) hours at her regular hourly rate ($11.00) and five and one half (5.5) hours at her overtime hourly rate ($16.50) for a total of $530.75, Defendants only paid Plaintiff CONTRERAS a total of $500.50.  Accordingly, Defendants underpaid Plaintiff CONTRERAS **30.25** ($530.75 – $500.50) for all hours worked during that week.

72.    During another week in or around 2017, Plaintiff CONTRERAS worked approximately forty-eight and one half (48.5) hours for Defendants.  However, rather than paying Plaintiff CONTRERAS for forty (40) hours at her regular hourly rate ($11.00) and eight and one half (8.5) hours at her overtime hourly rate ($16.50) for a total of $580.25, Defendants only paid Plaintiff CONTRERAS a total of $533.50.  Accordingly, Defendants underpaid Plaintiff CONTRERAS **46.75** ($580.25 – $533.50) for all hours worked during that week.

73.    During another week in or around 2017, Plaintiff CONTRERAS worked approximately

forty-two and one half (42.5) hours for Defendants. However, rather than paying Plaintiff CONTRERAS for forty (40) hours at her regular hourly rate ($11.00) and two and one half (2.5) hours at her overtime hourly rate ($16.50) for a total of $481.25, Defendants only paid Plaintiff CONTRERAS a total of $467.50. Accordingly, Defendants underpaid Plaintiff CONTRERAS **13.75** ($481.25 – $467.50) for all hours worked during that week.

74.     On or about January 1, 2018, Defendants raised Plaintiff CASTILLO's and Plaintiff CONTRERAS's rate of pay to approximately $13.00 per hour.

75.     From on or about January 20, 2018 through on or about January 26, 2018, Plaintiff CASTILLO worked approximately fifty-five (55) hours for Defendants. However, rather than paying Plaintiff CASTILLO for forty (40) hours at his regular hourly rate ($13.00) and fifteen (15) hours at his overtime hourly rate ($19.50) for a total of $812.50, Defendants only paid Plaintiff CASTILLO a total of $715.00. Accordingly, Defendants underpaid Plaintiff CASTILLO **$97.50** ($812.50 – $715) for all hours worked during that week.

76.     From on or about February 17, 2018 through on or about February 23, 2018, Plaintiff CASTILLO worked approximately fifty-seven (57) hours for Defendants. However, rather than paying Plaintiff CASTILLO for forty (40) hours at his regular hourly rate ($13.00) and seventeen (17) hours at his overtime hourly rate ($19.50) for a total of $851.50, Defendants only paid Plaintiff CASTILLO a total of $741.00. Accordingly, Defendants underpaid Plaintiff CASTILLO **$110.50** ($851.50 – $741) for all hours worked during that week.

77.     From on or about February 24, 2018 through on or about March 2, 2018, Plaintiff

14

CASTILLO worked approximately fifty-seven (57) hours for Defendants. However, rather than paying Plaintiff CASTILLO for forty (40) hours at his regular hourly rate ($13.00) and seventeen (17) hours at his overtime hourly rate ($19.50) for a total of $851.50, Defendants only paid Plaintiff CASTILLO a total of $741.00. Accordingly, Defendants underpaid Plaintiff CASTILLO **$110.50** ($851.50 – $741) for all hours worked during that week.

78.     From on or about March 3, 2018 through on or about March 9, 2018, Plaintiff CASTILLO worked approximately sixty-three (63) hours for Defendants. However, rather than paying Plaintiff CASTILLO for forty (40) hours at his regular hourly rate ($13.00) and twenty-three (23) hours at his overtime hourly rate ($19.50) for a total of $968.50, Defendants only paid Plaintiff CASTILLO a total of $819.00. Accordingly, Defendants underpaid Plaintiff CASTILLO **$149.50** ($968.50 – $819) for all hours worked during that week.

79.     From on or about March 24, 2018 through on or about March 30, 2018, Plaintiff CASTILLO worked approximately fifty-four and one-half (54.5) hours for Defendants. However, rather than paying Plaintiff CASTILLO for forty (40) hours at his regular hourly rate ($13.00) and fourteen and one-half (14.5) hours at his overtime hourly rate ($19.50) for a total of $802.75, Defendants only paid Plaintiff CASTILLO a total of $708.50. Accordingly, Defendants underpaid Plaintiff CASTILLO **$94.25** ($802.75 – $708.50) for all hours worked during that week.

80.     From on or about March 31, 2018 through on or about April 6, 2018, Plaintiff CASTILLO worked approximately fifty-seven (57) hours for Defendants. However, rather than paying Plaintiff CASTILLO for forty (40) hours at his regular hourly rate

($13.00) and seventeen (17) hours at his overtime hourly rate ($19.50) for a total of $851.50, Defendants only paid Plaintiff CASTILLO a total of $741.00. Accordingly, Defendants underpaid Plaintiff CASTILLO **110.50** ($851.50 – $741) for all hours worked during that week.

81.     From on or about April 7, 2018 through on or about April 13, 2018, Plaintiff CASTILLO worked approximately sixty-two (62) hours for Defendants. However, rather than paying Plaintiff CASTILLO for forty (40) hours at his regular hourly rate ($13.00) and twenty-two (22) hours at his overtime hourly rate ($19.50) for a total of $949.00, Defendants only paid Plaintiff CASTILLO a total of $806.00. Accordingly, Defendants underpaid Plaintiff CASTILLO **143.00** ($949 – $806) for all hours worked during that week.

82.     From on or about April 14, 2018 through on or about April 20, 2018, Plaintiff CASTILLO worked approximately fifty-nine (59) hours for Defendants. However, rather than paying Plaintiff CASTILLO for forty (40) hours at his regular hourly rate ($13.00) and nineteen (19) hours at his overtime hourly rate ($19.50) for a total of $890.50, Defendants only paid Plaintiff CASTILLO a total of $767.00. Accordingly, Defendants underpaid Plaintiff CASTILLO **123.50** ($890.50 – $767) for all hours worked during that week.

83.     From on or about April 21, 2018 through on or about April 27, 2018, Plaintiff CASTILLO worked approximately forty-two and one-half (42.5) hours for Defendants. However, rather than paying Plaintiff CASTILLO for forty (40) hours at his regular hourly rate ($13.00) and two and one half (2.5) hours at his overtime hourly rate ($19.50) for a total of $568.75, Defendants only paid Plaintiff CASTILLO a total of $552.50. Accordingly, Defendants underpaid Plaintiff CASTILLO **16.25** ($568.75 – $552.50) for

all hours worked during that week.

84. From on or about April 28, 2018 through on or about May 4, 2018, Plaintiff CASTILLO worked approximately sixty (60) hours for Defendants. However, rather than paying Plaintiff CASTILLO for forty (40) hours at his regular hourly rate ($13.00) and twenty (20) hours at his overtime hourly rate ($19.50) for a total of $900.00, Defendants only paid Plaintiff CASTILLO a total of $780.00. Accordingly, Defendants underpaid Plaintiff CASTILLO **$120.00** ($900 – $780) for all hours worked during that week.

85. From on or about May 5, 2018 through on or about May 11, 2018, Plaintiff CASTILLO worked approximately sixty-two and one-half (62.5) hours for Defendants. However, rather than paying Plaintiff CASTILLO for forty (40) hours at his regular hourly rate ($13.00) and twenty-two and one-half (22.5) hours at his overtime hourly rate ($19.50) for a total of $958.75, Defendants only paid Plaintiff CASTILLO a total of $812.50. Accordingly, Defendants underpaid Plaintiff CASTILLO **$146.25** ($900 – $780) for all hours worked during that week.

86. From on or about May 12, 2018 through on or about May 18, 2018, Plaintiff CASTILLO worked approximately fifty-eight (58) hours for Defendants. However, rather than paying Plaintiff CASTILLO for forty (40) hours at his regular hourly rate ($13.00) and eighteen (18) hours at his overtime hourly rate ($19.50) for a total of $871.00, Defendants only paid Plaintiff CASTILLO a total of $754.00. Accordingly, Defendants underpaid Plaintiff CASTILLO **$117.00** ($871 – $754) for all hours worked during that week.

87. From on or about May 26, 2018 through on or about June 1, 2018, Plaintiff CASTILLO worked approximately fifty-three (53) hours for Defendants. However, rather than paying Plaintiff CASTILLO for forty (40) hours at his regular hourly rate ($13.00) and thirteen

(13) hours at his overtime hourly rate ($19.50) for a total of $773.50, Defendants only paid Plaintiff CASTILLO a total of $689.00. Accordingly, Defendants underpaid Plaintiff CASTILLO **$84.50** ($773.50 – $689) for all hours worked during that week.

88.     From on or about June 2, 2018 through on or about June 8, 2018, Plaintiff CASTILLO worked approximately fifty-three and one-half (53.5) hours for Defendants. However, rather than paying Plaintiff CASTILLO for forty (40) hours at his regular hourly rate ($13.00) and thirteen and one-half (13.5) hours at his overtime hourly rate ($19.50) for a total of $783.25, Defendants only paid Plaintiff CASTILLO a total of $695.50. Accordingly, Defendants underpaid Plaintiff CASTILLO **$87.75** ($783.25 – $695.50) for all hours worked during that week.

89.     From on or about June 9, 2018 through on or about June 15, 2018, Plaintiff CASTILLO worked approximately sixty and one-half (60.5) hours for Defendants. However, rather than paying Plaintiff CASTILLO for forty (40) hours at his regular hourly rate ($13.00) and twenty and one-half (20.5) hours at his overtime hourly rate ($19.50) for a total of $919.75, Defendants only paid Plaintiff CASTILLO a total of $786.50. Accordingly, Defendants underpaid Plaintiff CASTILLO **$133.25** ($919.75 – $786.50) for all hours worked during that week.

90.     From on or about June 16, 2018 through on or about June 22, 2018, Plaintiff CASTILLO worked approximately fifty-four (54) hours for Defendants. However, rather than paying Plaintiff CASTILLO for forty (40) hours at his regular hourly rate ($13.00) and fourteen (14) hours at his overtime hourly rate ($19.50) for a total of $793.00, Defendants only paid Plaintiff CASTILLO a total of $702.00. Accordingly, Defendants underpaid Plaintiff CASTILLO **$91.00** ($793 – $702) for all hours worked during that week.

91.    From on or about June 23, 2018 through on or about June 29, 2018, Plaintiff CASTILLO worked approximately fifty and one-half (50.5) hours for Defendants.  However, rather than paying Plaintiff CASTILLO for forty (40) hours at his regular hourly rate ($13.00) and ten and one-half (10.5) hours at his overtime hourly rate ($19.50) for a total of $724.75, Defendants only paid Plaintiff CASTILLO a total of $656.50.  Accordingly, Defendants underpaid Plaintiff CASTILLO **$68.25** ($724.75 – $656.50) for all hours worked during that week.

92.    From on or about June 30, 2018 through on or about July 6, 2018, Plaintiff CASTILLO worked approximately fifty-four and one-half (54.5) hours for Defendants.  However, rather than paying Plaintiff CASTILLO for forty (40) hours at his regular hourly rate ($13.00) and fourteen and one-half (14.5) hours at his overtime hourly rate ($19.50) for a total of $802.75, Defendants only paid Plaintiff CASTILLO a total of $708.50.  Accordingly, Defendants underpaid Plaintiff CASTILLO **$94.25** ($802.75 – $708.50) for all hours worked during that week.

93.    From on or about July 7, 2018 through on or about July 13, 2018, Plaintiff CASTILLO worked approximately fifty-two and one-half (52.5) hours for Defendants.  However, rather than paying Plaintiff CASTILLO for forty (40) hours at his regular hourly rate ($13.00) and twelve and one-half (12.5) hours at his overtime hourly rate ($19.50) for a total of $763.75, Defendants only paid Plaintiff CASTILLO a total of $682.50.  Accordingly, Defendants underpaid Plaintiff CASTILLO **$81.25** ($763.75 – $682.50) for all hours worked during that week.

94.    From on or about July 14, 2018 through on or about July 20, 2018, Plaintiff CASTILLO worked approximately sixty-one and one-half (61.5) hours for Defendants.  However,

rather than paying Plaintiff CASTILLO for forty (40) hours at his regular hourly rate ($13.00) and twenty-one and one-half (21.5) hours at his overtime hourly rate ($19.50) for a total of $939.25, Defendants only paid Plaintiff CASTILLO a total of $799.50. Accordingly, Defendants underpaid Plaintiff CASTILLO **$139.75** ($939.25 – $799.50) for all hours worked during that week.

95.     From on or about July 21, 2018 through on or about July 27, 2018, Plaintiff CASTILLO worked approximately fifty-nine (59) hours for Defendants. However, rather than paying Plaintiff CASTILLO for forty (40) hours at his regular hourly rate ($13.00) and nineteen (19) hours at his overtime hourly rate ($19.50) for a total of $890.50, Defendants only paid Plaintiff CASTILLO a total of $767.00. Accordingly, Defendants underpaid Plaintiff CASTILLO **$123.50** ($890.50 – $767) for all hours worked during that week.

96.     From on or about August 18, 2018 through on or about August 24, 2018, Plaintiff CASTILLO worked approximately fifty-five and one-half (55.5) hours for Defendants. However, rather than paying Plaintiff CASTILLO for forty (40) hours at his regular hourly rate ($13.00) and fifteen and one-half (15.5) hours at his overtime hourly rate ($19.50) for a total of $822.25, Defendants only paid Plaintiff CASTILLO a total of $721.50. Accordingly, Defendants underpaid Plaintiff CASTILLO **$100.75** ($822.25 – $721.50) for all hours worked during that week.

97.     From on or about August 25, 2018 through on or about August 31, 2018, Plaintiff CASTILLO worked approximately fifty-five (55) hours for Defendants. However, rather than paying Plaintiff CASTILLO for forty (40) hours at his regular hourly rate ($13.00) and fifteen (15) hours at his overtime hourly rate ($19.50) for a total of $812.50, Defendants only paid Plaintiff CASTILLO a total of $715.00. Accordingly, Defendants

underpaid Plaintiff CASTILLO **$97.5** ($812.50 – $715) for all hours worked during that week.

98.    During another week in or around 2018, Plaintiff CASTILLO worked approximately sixty-six (66) hours for Defendants. However, rather than paying Plaintiff CASTILLO for forty (40) hours at his regular hourly rate ($13.00) and twenty-six (26) hours at his overtime hourly rate ($19.50) for a total of $1,027.00, Defendants only paid Plaintiff CASTILLO a total of $858.00. Accordingly, Defendants underpaid Plaintiff CASTILLO **$169.00** ($1,027 – $858) for all hours worked during that week.

99.    During another week in or around 2018, Plaintiff CASTILLO worked approximately fifty-eight (58) hours for Defendants. However, rather than paying Plaintiff CASTILLO for forty (40) hours at his regular hourly rate ($13.00) and eighteen (18) hours at his overtime hourly rate ($19.50) for a total of $871.00, Defendants only paid Plaintiff CASTILLO a total of $754.00. Accordingly, Defendants underpaid Plaintiff CASTILLO **$117.00** ($871 – $754) for all hours worked during that week.

100.    During one (1) week in or around 2018, Plaintiff CONTRERAS worked approximately sixty-three and one half (63.5) hours for Defendants. However, rather than paying Plaintiff CONTRERAS for forty (40) hours at her regular hourly rate ($13.00) and twenty-three and one half (23.5) hours at her overtime hourly rate ($19.50) for a total of $978.25, Defendants only paid Plaintiff CONTRERAS a total of $825.50. Accordingly, Defendants underpaid Plaintiff CONTRERAS **$152.75** ($978.25 – $825.50) for all hours worked during that week.

101.    During another week in or around 2018, Plaintiff CONTRERAS worked approximately fifty-five (55) hours for Defendants. However, rather than paying Plaintiff CONTRERAS

for forty (40) hours at her regular hourly rate ($13.00) and fifteen (15) hours at her overtime hourly rate ($19.50) for a total of $812.50, Defendants only paid Plaintiff CONTRERAS a total of $715.00. Accordingly, Defendants underpaid Plaintiff CONTRERAS **$97.50** ($812.50 – $715) for all hours worked during that week.

102. During another week in or around 2018, Plaintiff CONTRERAS worked approximately fifty-four and one-half (54.5) hours for Defendants. However, rather than paying Plaintiff CONTRERAS for forty (40) hours at her regular hourly rate ($13.00) and fourteen and one-half (14.5) hours at her overtime hourly rate ($19.50) for a total of $802.75, Defendants only paid Plaintiff CONTRERAS a total of $708.50. Accordingly, Defendants underpaid Plaintiff CONTRERAS **$94.25** ($802.75 – $708.5) for all hours worked during that week.

103. During another week in or around 2018, Plaintiff CONTRERAS worked approximately forty-seven (47) hours for Defendants. However, rather than paying Plaintiff CONTRERAS for forty (40) hours at her regular hourly rate ($13.00) and seven (7) hours at her overtime hourly rate ($19.50) for a total of $656.50, Defendants only paid Plaintiff CONTRERAS a total of $611.00. Accordingly, Defendants underpaid Plaintiff CONTRERAS **$45.50** ($656.50 – $611) for all hours worked during that week.

104. During another week in or around 2018, Plaintiff CONTRERAS worked approximately forty-nine and one-half (49.5) hours for Defendants. However, rather than paying Plaintiff CONTRERAS for forty (40) hours at her regular hourly rate ($13.00) and nine and one-half (9.5) hours at her overtime hourly rate ($19.50) for a total of $705.25, Defendants only paid Plaintiff CONTRERAS a total of $643.50. Accordingly, Defendants underpaid Plaintiff CONTRERAS **$61.75** ($705.25 – $643.50) for all hours

worked during that week.

105. During another week in or around 2018, Plaintiff CONTRERAS worked approximately forty-five (45) hours for Defendants. However, rather than paying Plaintiff CONTRERAS for forty (40) hours at her regular hourly rate ($13.00) and five (5) hours at her overtime hourly rate ($19.50) for a total of $617.50, Defendants only paid Plaintiff CONTRERAS a total of $585.00. Accordingly, Defendants underpaid Plaintiff CONTRERAS **$32.50** ($617.50 – $585) for all hours worked during that week.

106. During another week in or around 2018, Plaintiff CONTRERAS worked approximately forty-six and one-half (46.5) hours for Defendants. However, rather than paying Plaintiff CONTRERAS for forty (40) hours at her regular hourly rate ($13.00) and six and one-half (6.5) hours at her overtime hourly rate ($19.50) for a total of $646.75, Defendants only paid Plaintiff CONTRERAS a total of $604.50. Accordingly, Defendants underpaid Plaintiff CONTRERAS **$42.25** ($646.75 – $604.5) for all hours worked during that week.

107. During another week in or around 2018, Plaintiff CONTRERAS worked approximately fifty-two (52) hours for Defendants. However, rather than paying Plaintiff CONTRERAS for forty (40) hours at her regular hourly rate ($13.00) and twelve and one-half (12.5) hours at her overtime hourly rate ($19.50) for a total of $763.75, Defendants only paid Plaintiff CONTRERAS a total of $676.00. Accordingly, Defendants underpaid Plaintiff CONTRERAS **$87.75** ($763.75 – $676) for all hours worked during that week.

108. During another week in or around 2018, Plaintiff CONTRERAS worked approximately forty and one-half (40.5) hours for Defendants. However, rather than paying Plaintiff CONTRERAS for forty (40) hours at her regular hourly rate ($13.00) and one-half (.5) hour at her overtime hourly rate ($19.50) for a total of $529.75, Defendants only paid

Plaintiff CONTRERAS a total of $526.50.  Accordingly, Defendants underpaid Plaintiff CONTRERAS **$3.25** ($529.75 – $526.5) for all hours worked during that week.

109.   The above are just some of the weeks during Plaintiff CONTRERAS's and Plaintiff CASTILLO's employment in which Defendants failed to pay Plaintiff CONTRERAS and Plaintiff CASTILLO their proper overtime compensation.  While there were many additional weeks during which Plaintiff CONTRERAS and Plaintiff CASTILLO were denied overtime compensation, the evidence and specifics are in the sole possession of Defendants.

110.   As a result, Plaintiff CONTRERAS, Plaintiff CASTILLO, and other Plaintiffs are owed a significant sum of money in unpaid overtime wages for work performed for Defendants.

111.   Furthermore, Defendants never provided Plaintiff CONTRERAS, Plaintiff CASTILLO, and other Plaintiffs with any sort of written notice regarding: their regular rate of pay, overtime rate of pay, how they were to be paid, their "regular payday," the official name of the employer and any other names used for business, the address and phone number of the employer's main office or principal location, nor, allowances taken as part of the minimum wage (including, inter alia, tips).

112.   Defendants also never provided Plaintiff CONTRERAS, Plaintiff CASTILLO, and other Plaintiffs with detailed paystubs each time they paid them in cash.

113.   Defendants' failure to pay Plaintiff CONTRERAS, Plaintiff CASTILLO and other Plaintiffs the proper wages required by law was and is willful.

114.   Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law.  As such, Plaintiff CONTRERAS, Plaintiff CASTILLO, and other Plaintiffs demand Liquidated Damages as against both Defendants, jointly and severally.

**AS A FIRST CAUSE OF ACTION**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**OVERTIME**

115.    Plaintiffs repeat and reallege each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

116.    Defendants willfully employed Plaintiffs in the afore-mentioned enterprise for workweeks longer than forty (40) hours and failed to compensate Plaintiffs for their employment in excess of forty (40) hours per week at a rate of at least one and one-half times the rate at which they were employed.

117.    Defendants failed to pay overtime wages to Plaintiffs as required by the FLSA, 29 U.S.C. §201 et seq. and its implementing regulations.

118.    Defendants' failure to pay Plaintiffs overtime pay in accordance with the FLSA, was a direct violation of the FLSA, specifically 29 U.S.C. §207.

119.    Defendants' failure to pay proper overtime wages for each hour worked over forty (40) per week was willful within the meaning of 29 U.S.C. §255.

120.    Defendants' failure to comply with the FLSA caused Plaintiffs to suffer loss of wages.

**AS A SECOND CAUSE OF ACTION**
**VIOLATION OF NEW YORK LABOR LAW**
**OVERTIME**

121.    Plaintiffs repeat and reallege each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

122.    Defendants employed Plaintiffs within the meaning of NYLL §§ 2, 190, and 651.

123.    Defendants failed to pay Plaintiffs a premium for hours worked in excess of forty (40) hours per week, in violation of NYLL §170.

124.    Defendants have violated Plaintiffs' rights to overtime pay under Title 12 NYCRR 142-2.2.

125.    Defendants' failure to comply with the NYLL overtime requirements has caused Plaintiffs to suffer loss of wages and interest thereon.

126.    Defendants' failure to pay proper overtime wages is willful.

127.    Due to Defendants' NYLL violations, Plaintiffs are entitled to recover from Defendants their unpaid overtime wages in an amount to be determined at trial, plus an amount equal to 100% of Plaintiffs' unpaid overtime wages in the form of liquidated damages, as well as attorneys' fees and costs of the action, including pre- and post- judgment interest, pursuant to NYLL §§ 198 and 663(1).

**AS A THIRD CAUSE OF ACTION**
**VIOLATION OF THE NEW YORK LABOR LAW**
**WAGE NOTICE REQUIREMENT**

128.    Plaintiffs repeat and reallege each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

129.    The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer. NYLL §195-1(a).

130.    Defendants intentionally failed to provide notice to Plaintiffs in violation of NYLL §195,

which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on the employee's first day of employment.

131. Defendants not only failed to provide notice to Plaintiffs at time of hire, but also failed to provide notice to Plaintiffs even after the fact.

132. Due to Defendants' violations of NYLL, Plaintiffs are entitled to recover from Defendants $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to NYLL. NYLL §198(1-b).

**AS A FOURTH CAUSE OF ACTION
VIOLATION OF NEW YORK LABOR LAW
NEW YORK PAYSTUB REQUIREMENT**

133. Plaintiffs repeat and reallege each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

134. The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §195-1(d).

135. Defendants have failed to make a good faith effort to comply with the NYLL with respect to compensation of Plaintiffs and did not provide paystubs on or after Plaintiffs' payday.

136. Due to Defendants' violations of NYLL, Plaintiffs are entitled to recover from Defendants $250 for each workday of the violation, up to $5,000, together with costs and attorneys' fees pursuant to NYLL. NYLL §198(1-d).

**WHEREFORE**, Plaintiffs respectfully request a judgment against Defendants:

A. Designating and conditionally certifying this action as a collective action on behalf of Plaintiffs and issuing notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members

of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B.  Certifying this action as a class action under Rule 23;

C.  Designating Plaintiff CONTRERAS and Plaintiff CASTILLO as Representatives of the FLSA Collective Plaintiffs and Class Representatives of the Class;

D.  Declaring that Defendants' FLSA and NYLL violations of overtime wage protections were willful;

E.  Awarding damages, according to proof, including FLSA and NYLL liquidated damages, and interest, to be paid by Defendants;

F.  Awarding costs of action incurred herein, including expert fees;

G.  Awarding attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. §§ 663, 198 and other applicable statutes;

H.  Awarding pre-judgment and post-judgment interest, as provided by law; and

I.  Awarding such other and further legal and equitable relief as this Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

Dated: New York, New York
       October 25, 2018

                                        **LAW OFFICE OF**
                                        **YURIY MOSHES, P.C.**

By:     _____

        Alex Umansky (AU7961)
        *Attorneys for Plaintiff*
        322 West 48th Street, 6th Floor
        New York, New York 10036
        (718) 504-6090
        aumansky@mosheslaw.com